IN THE DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RANDY COLE and KAREN COLE, INDIVIDUALLY and as NEXT FRIENDS OF RYAN COLE,<br>　　　Plaintiffs,<br><br>vs.<br><br>MICHAEL HUNTER, MARTIN CASSIDY, CARL CARSON, and THE CITY OF SACHSE, TEXAS,<br>　　　Defendants. | §§§§§§§§§§§§§§ | CIVIL ACTION NO. 3:13-cv-02719 |

PLAINTIFFS' MOTION FOR STATUS CONDFERENCE AND TO LIFT STAY

To the Honorable Reed O'Connor, United States District Judge:

**COME NOW, PLAINTIFFS**, who make and file this Motion for Status Conference and to Lift Stay, and would respectfully show the Court as follows:

1.　　The Court is familiar with the procedural posture of this matter. In the latest matter to invoke this Court's jurisdiction, the Fifth Circuit, sitting *en banc*, affirmed this Court's opinion and issued its final mandate, returning the case to this Court for further proceedings.

2.　　On January 24, 2014—six years ago—this Court denied Defendants Michael Hunter, Martin Cassidy, and Carl Carson's ("the Defendant Officers") motion to dismiss the claim that they violated the Fourteenth Amendment by fabricating evidence after shooting Ryan Cole. ECF No. 85. Defendant Carson (but not Defendants Hunter or Cassidy) took an interlocutory appeal. And on December 22, 2014—five years ago—this Court denied summary judgment to Defendants Hunter and Cassidy on the claim that they used excessive force against Ryan Cole by shooting him multiple times when he was "facing away," "unaware of [their] presence," without any warning. ECF No. 151. Plaintiffs agreed to a stay of discovery pending Defendant Carson's

interlocutory appeal, and the Court also stayed further discovery pending Defendants Hunter and Cassidy's appeal. ECF No. 158

3. On appeal, a panel of the Fifth Circuit twice affirmed this Court's decisions and the *en banc* Fifth Circuit again affirmed this Court.

4. Every single judge of the *en banc* Fifth Circuit agreed that Plaintiffs' fabrication of evidence claim must go forward against all of the Defendant Officers. *Cole v. Carson*, 935 F.3d 444, 451 (5th Cir. 2019) (en banc) ("[W]e affirm the district court's denial of the motion to dismiss the Coles' Fourteenth Amendment claim regarding the imposition of false charges."); *id.* at 458 n.1 (Jones, J., dissenting) ("We do not challenge the majority's decision to leave in place fabricated evidence charges against these two officers and Officer Carson."). In other words, *nineteen federal judges* have now considered this claim and every single one believes it must go forward.

5. An eleven-judge majority also agreed that this Court properly denied summary judgment to Defendants on Plaintiffs' excessive force claim. Those judges wrote that they "return the case to the district court for trial and resolution of issues consistent with this opinion." *Id.* at 447. Defendants never attempted to seek a stay of the mandate from the Fifth Circuit and the Fifth Circuit issued its final mandate. ECF No. 195.

6. As this Court is aware, on several prior occasions, Plaintiffs were willing to voluntarily stipulate to a stay of proceedings pending the Defendant Officers' interlocutory appeals, believing it to be in the interest of judicial economy. For instance, Plaintiffs voluntarily agreed to a stay of discovery as to all claims against the City and to a stay of these proceedings pending Defendant Carson's interlocutory appeal. *See* ECF Nos. 157, 158. When the Supreme Court granted, vacated, and remanded this matter to the Fifth Circuit, Plaintiffs again voluntarily stipulated to a stay of proceedings to give the Fifth Circuit another opportunity to consider the

Defendant Officers' interlocutory appeals. *See* ECF Nos. 189, 190. After the Fifth Circuit panel ruled in Plaintiffs' favor a second time, Plaintiffs allowed the Defendant Officers' to seek *en banc* review without asking this Court to lift the stay.

7. Now that the *en banc* Fifth Circuit has vindicated this Court's rulings and issued its final mandate, Plaintiffs respectfully request that the Court lift the stay. As the Court is aware, the present state of the case is complex given the different procedural postures of the various claims and the limited discovery that was allowed as to Plaintiffs' excessive force claim. The Court thus may wish to allow submissions from the parties regarding how to proceed with discovery and/or hold a status conference.

8. Defendants have indicated that they oppose lifting the stay in this matter pending certiorari briefing in the U.S. Supreme Court. Plaintiffs believe that position defies this Court's earlier rulings in this case.

9. This Court's earlier rulings made clear that it stayed proceedings pending the Fifth Circuit's final mandate. The Court's initial stay was granted pending resolution of the Defendant Officers' interlocutory appeal "before the United States Court of Appeals for the Fifth Circuit." ECF No. 158. After the Fifth Circuit panel issued its first opinion and mandate, this Court automatically lifted its stay. *See* 09/29/2015 Dkt. Entry. The Court reinstated its stay after the Fifth Circuit recalled its mandate. *See* ECF No. 167. In doing so, the Court, again, specified that its stay was in place "until the Fifth Circuit issues a final mandate." *Id.*

10. This Court previously made clear to Defendants that if they wish to stay proceedings pending Supreme Court review following the Fifth Circuit's mandate, they were required to seek a stay from the Fifth Circuit itself. After the Fifth Circuit panel's second opinion in this case, the Defendant Officers sought the same thing here—a stay pending resolution of their

petition of certiorari. ECF No. 177. This Court held that a stay would be not only be inappropriate, but it would beyond this Court's jurisdiction. *See* ECF No. 180. The Court explained that "[i]t is generally appropriate to put the appellate court decision into effect pending the Supreme Court's ruling, as stays are not granted except in unusual cases or under exceptional circumstances." *Id.* at 2. This Court explained that once the Fifth Circuit has issued its mandate, only the Fifth Circuit can grant a stay and that any further stay was therefore "beyond this Court's jurisdiction." *Id.* at 3-4. The Court further explained that, even if it had the power to grant a stay, Defendants had not shown that this case involved the sort of exceptional circumstance that would warrant a stay. *Id.* at 2-4.

11. The Fifth Circuit has now issued its final mandate. And despite this Court's prior ruling, Defendants never even attempted to seek a stay of mandate from the Fifth Circuit. Accordingly, consistent with the *en banc* Fifth Circuit's opinion and mandate, the Court should lift its stay and allow the parties to address the appropriate next steps for discovery. To the extent the Court believes the appropriate step upon lifting the stay is a status conference, the parties previously agreed that they will be happy to come to the Court's chambers in Fort Worth for the status conference if that would be more convenient for the Court.

12. It has now been nearly a decade since the Defendant Officers shot Ryan Cole, leaving him catastrophically, permanently, injured, and then fabricated a cover-up story that conflicts with all of the forensic evidence. As set forth above, the Plaintiffs have been willing to voluntarily postpone justice in this matter pending appeals to the Fifth Circuit, and this Court granted Defendants the opportunity to seek reversal in the Fifth Circuit. However, the Fifth Circuit has now looked at this case with a critical eye on three occasions—including sitting as a full

court—and each time it has vindicated this Court's decisions. Having received the Fifth Circuit's final mandate, Plaintiffs respectfully request that the Court lift its stay.

## PRAYER

Plaintiffs respectfully request the Court to promptly lift any applicable stay, order submissions and/or a status conference concerning next steps for the claims in this case, and for such other relief as the Court may find appropriate.

Respectfully submitted,

By: /s/ Christopher S. Ayres
**CHRISTOPHER S. AYRES**
State Bar No. 24036167
csayres@ayreslawoffice.com
**R. JACK AYRES, JR.**
State Bar No. 01473000
rjayres@ayreslawoffice.com
AYRES LAW OFFICE, P.C.
5924 Royal Lane, Suite 150
Dallas, Texas 75230
972-991-2222 (Phone)
972-386-0091 (Facsimile)

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

The parties have conferred on this motion and the relief sought. Defendants are opposed.

/s/ Christopher S. Ayres
**CHRISTOPHER S. AYRES**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this filed pleading is being served upon all counsel of record through the Court's ECF delivery system, as provided by the Local Rules at or shortly after the time and date of filing.

/s/ Christopher S. Ayres
**CHRISTOPHER S. AYRES**