IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RANDY COLE, et al, | § | |
| | § | CIVIL ACTION NO. |
| vs. | § | 3:13-CV-02719-O |
| | § | |
| MICHAEL HUNTER, et al | § | |

### DEFENDANTS' RESPONSE TO MOTION FOR
### STATUS CONFERENCE AND TO LIFT STAY

NOW COME Defendants responding in opposition to the December 6, 2019 "Plaintiffs' Motion for Status Conference and to Lift Stay" (Doc. 197) as follows:

### I. SUMMARY OF RESPONSE

The Court's current stay Order provides that the action is stayed pending further notice (Doc. 190 p. 1). The Order required that if Plaintiffs sought to lift the stay, they must seek to do so within 30 days <u>after resolution of Defendants' appeals</u> (Doc. 190 p. 1). But the appeals have not been resolved – on December 9, 2019, Officer Carson, Officer Hunter and Lt. Cassidy filed their second Petition for Writ of Certiorari in the United States Supreme Court (see Supreme Court Docket 19-753, Apx. pp. 2-51).[1] Plaintiffs' Motion (Doc. 197) cites no authorities, does not mention factors the Court may consider, and cites no governing standards, and does not demonstrate a valid basis for lifting the stay.

While a majority of the Fifth Circuit Court has ruled against Defendants, seven Fifth Circuit Judges strongly dissented and agreed the majority had failed to follow the Supreme Court's Order in <u>Hunter v. Cole</u>, 137 S.Ct. 497 (2016) to reconsider this case in light of <u>Mullenix v. Luna</u>, 136 S.Ct. 305 (2015) and the dissenters agreed the majority failed to adhere to controlling authority. If the case proceeds, the individual Defendants will be robbed of the protections of their

---

[1] Because the second Petition for Writ of Certiorari was required to attach Appendices consisting of earlier Orders and Opinions issued by this District Court and by the Fifth Circuit Court, and the Appendix was 259 pages of reformatted material, the Appendix attached to the Petition for Writ of Certiorari is not included in the present Appendix.

**DEFENDANTS' RESPONSE TO MOTION FOR STATUS CONFERENCE AND TO LIFT STAY – Page 1**

qualified immunity defense, whether the proceedings are directed at them or directed at the City Defendant, or directed only at Officer Carson. See <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 685-86 (2009). Such a potential loss of immunity is so significant that the Supreme Court has long recognized an interlocutory appeal such as the present pending appeal is allowed under the collateral order doctrine. <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526-527 (1985); <u>Iqbal</u>, 556 U.S. at 671-72. The stay which this Court granted December 1, 2016 (Order, Doc. 190) should remain in place.

## II. <u>PROCEDURAL HISTORY OVERLOOKED BY PLAINTIFFS</u>

Plaintiffs gloss over the prior history by simply reciting, "The Court is familiar with the procedural posture of this matter." (Motion, Doc. 197 p. 1 ¶ 1).

In the face of an earlier dispute as to whether all discovery should be stayed pending resolution of only Carson's appeal or also stayed pending resolution of Defendants Hunter's and Cassidy's appeal, this Court found that a stay of the entire action was warranted (Order, January 22, 2015, Doc. 158), citing <u>Alice L. v. Dusek</u>, 492 F.3d 563, 564 (5th Cir. 2007). And in <u>Iqbal</u>, the Supreme Court recognized that even if discovery or proceedings involve other parties, the party asserting immunity must participate in such proceedings in order to protect his position and thus a piecemeal stay infringes on the immunity from suit of the parties who are appealing. <u>Iqbal</u>, 556 U.S. at 685-86.

This Court's current December 1, 2016 Order (Doc. 190) recognized that a stay was warranted pending resolution of interlocutory appeals by Carson, Hunter and Cassidy, and this Court pointed to its earlier stay Orders of January 22, 2015 (Doc. 158) and November 10, 2015 (Doc. 167). The Court exercised its discretion to grant the Unopposed Motion to Stay Proceeding (Doc. 189) while the United States Court of Appeals for the Fifth Circuit reconsidered the case in light of <u>Mullenix v. Luna</u> (Order, Doc. 190) as ordered by the Supreme Court of the United States, and this Court again cited <u>Alice L.</u>, 492 F.3d at 564 in support of that determination.

_____
**DEFENDANTS' RESPONSE TO MOTION FOR STATUS CONFERENCE AND TO LIFT STAY – Page 2**

The present procedural posture of the case is that the Fifth Circuit's majority opinion held a jury could find Cole posed no immediate threat, and denied qualified immunity to Officer Hunter and Lt. Cassidy. See Cole v. Carson, 935 F.3d 444, 455 (5th Cir. 2019). As this Court can see, seven Circuit Judges dissent from the majority's denial of qualified immunity to Officer Hunter and Lt. Cassidy and the dissenting Judges wrote several dissenting opinions. Cole, 935 F.3d at 457-485. The original three-Judge panel decision issued September 25, 2015 reversed this Court's ruling which had denied Officer Carson's assertion of qualified immunity to a Fourth Amendment claim based on a theory of an unlawful arrest. The original panel decision also reversed this Court's denial of Officer Carson's qualified immunity to a Brady violation. Cole v. Carson, 802 F.3d 752, 764-65 (5th Cir. 2015). The three-Judge panel affirmed this Court's denial of Officer Carson's qualified immunity to the Fourteenth Amendment claim based on a theory Carson had falsified his statement. 802 F.3d at 777. After remand from the Supreme Court, the three-Judge panel reinstated the original opinion and the claim against Officer Carson based on a conclusion the remand from the Supreme Court did not reach the Supreme Court's mandate. Cole v. Carson, 905 F.3d 334, 342 n. 24 (5th Cir. 2018). Upon en banc review, none of the judges reconsidered the claims against Officer Carson. Cole, 935 F.3d at 444, 447, 458 n. 1.[2]

This Court will see that the Questions Presented for Review in the current Petition are essentially the same Questions Presented for Review which the Officer Defendants presented in their first Petition for Writ of Certiorari, which was granted. See "Questions Presented for Review", December 9, 2019 Petition for Writ of Certiorari, Docket No. 19-753 (Apx. p. 3), compared to "Questions Presented for Review", September 15, 2016 Petition for Writ of Certiorari, Docket No. 16-351 (Apx. pp. 53-54). Because the Officers have timely filed their second Petition for Writ of Certiorari in the United States Supreme Court, the Supreme Court has

---

[2] Although Judge Willett separately dissented, and did not join the majority opinion or any of the other dissenting opinions, Judge Willett did not expressly state whether he agreed that Carson's qualified immunity should not be reviewed. 935 F.3d at 470-473.

**DEFENDANTS' RESPONSE TO MOTION FOR STATUS CONFERENCE AND TO LIFT STAY – Page 3**

jurisdiction over that Petition (see Petition, Docket No. 19-753, Apx. pp. 18-19). As the record demonstrates within the meaning of this Court's December 1, 2016 Order which stayed this action, Defendants' appeals have not been resolved (Order, Doc. 190 p. 1).

This Court previously noted the Seventh Circuit's Sussman case stated that the burden was on the Defendants when they sought the existing stay (Order, Doc. 180 p. 3 citing Sussman v. Jenkins, 642 F.3d 532, 532-534 (7th Cir. 2011)). It is significant to recognize this Court has already imposed the stay which is in place pending resolution of the Officers' appeals. (Order, Doc. 190 p. 1). If Plaintiffs assert that Defendants' appeals have now been resolved, then Plaintiffs do not explain the reason they failed to comply with this Court's Order to file a Motion to lift the stay within 30 days after any such resolution of Defendants' appeals (Order, Doc. 10 p. 1). The Court may note that the Fifth Circuit's opinion after en banc rehearing was issued August 20, 2019. Cole v. Carson, 935 F.3d 444 (5th Cir. 2019), and the judgment was filed in this Court on September 11, 2019 (see Docs. 195 & 195-1). If Plaintiffs now contend the appeals are resolved, such contention is incorrect. Thus, if Plaintiffs really believed the appeal had been resolved, they should have sought to lift the stay two months earlier than the day they filed their present Motion (Doc. 197 filed December 6, 2019).

### III.  AUTHORITY PLAINTIFFS HAVE NOT DISCUSSED

At the outset, Plaintiffs do not clearly take a position in this matter as to whether they contend that Defendants' appeals have been resolved within the meaning of this Court's December 1, 2016 Order (Doc. 190 p. 1) or whether they contend the case should be allowed to proceed even though the appeals have not been resolved.[3]

In earlier proceedings, this Court referred to some authority when this case was in a

---

[3] Apparently Plaintiffs, who neither take a position nor cite any authority, plan to lay behind a log to see what Defendants will argue and then in their Reply Brief, which Defendants will not have an opportunity to address, Plaintiffs will then apparently take some position and may choose to cite authority for whatever position they take. Plaintiffs should not be allowed to do so, and the Court should be skeptical of such tactics.

_____
**DEFENDANTS' RESPONSE TO MOTION FOR STATUS CONFERENCE AND TO LIFT STAY – Page 4**

different procedural posture. (See generally July 19, 2016 Order, Doc. 180 pp. 2-3.) At the time of the July 19, 2016 Order (Doc. 180), the September 15, 2016 first Petition for Writ of Certiorari had not been filed, the Supreme Court had not granted the first Petition for Writ of Certiorari (Order Granting Petition, November 28, 2016), and subsequent en banc review had not been ordered by a majority of the Fifth Circuit Court's Judges in active service (Order Granting En Banc Review February 8, 2019).

At that time, this Court recognized it may still exercise its discretion to stay litigation as a means of controlling and managing its docket even while a Petition for Writ of Certiorari is pending (July 19, 2016 Order, Doc. 180 p. 2), citing Vallejo v. Garda CL Sw, Inc., 2013 WL 619017 *7 (S.D. Tex. 2013). This Court also pointed to Seventh Circuit caselaw in its July 19, 2016 Order (Doc. 180) because of the paucity of Fifth Circuit caselaw as to determining whether a stay of proceedings is appropriate. This Court cited two cases from the Seventh Circuit – neither of which involved qualified immunity defenses. See Order, Doc. 180 p. 3 citing McBride v. CSX Transport, Inc., 611 F.3d 316, 317 (7th Cir. 2010); and Sussman v. Jenkins, 642 F.3d 532, 533-34 (7th Cir. 2011).

In the event of a Petition for Certiorari, this Court observed that a Motion for a stay pending a Petition must show the Petition would present a substantial question and show there is good cause for a stay, citing Fed. R. App. P. 41(d)(2)(A). (See Order, Doc. 180 p. 2.)

### A. Supreme Court's & Fifth Circuit's Actions Demonstrate Existence of Substantial Question

There is no doubt there is a substantial question presented in the present case, as evidenced by significant procedural developments that have taken place since July 19, 2016 when the Court discussed such requirements (Order, Doc. 180 p. 2). As a starting point, there is no doubt that evaluation of this case today as containing a substantial question, is greatly different than the

---

status of the case on July 19, 2016. On September 25, 2015, the U.S. Fifth Circuit had denied the Officers' Petition for Rehearing En Banc with a simple fill-in-the-blank Order, reciting that no member of the panel nor Judge in regular active service of the Court had requested the case be polled on rehearing en banc.

However, since that time, on November 28, 2016, the Supreme Court of the United States issued its Order granting the first Petition for Writ of Certiorari and ordering the United States Court of Appeals for the Fifth Circuit to reconsider this case in light of <u>Mullenix v. Luna</u>, 577 U.S. ___ (2015) (*per curium*). See <u>Hunter v. Cole</u>, 137 S.Ct. 497 (2016). And as this Court can see, the Questions Presented for Review in the present Petition for Writ of Certiorari (Apx. p. 3) are substantially the same as presented for review in the first Petition for Writ of Certiorari (Apx. pp. 53-54) which was granted. Thus, there is no doubt the current Petition presents a substantial question (Apx. pp. 2-51).

Following remand from the Supreme Court, the original three-Judge panel issued another opinion which reinstated the opinion the Supreme Court had vacated. See <u>Cole v. Carson</u>, 905 F.3d 334 (5th Cir. 2018). Thereafter, on February 8, 2019, after reciting that "…a majority of the circuit judges in regular active service and not disqualified having voted in favor…", the Fifth Circuit Court ordered that the cause would be reheard en banc. <u>Cole v. Carson</u>, 915 F.3d 378 (5th Cir. 2019). Fed. R. App. P. 35(a)(1) & (2) provides for en banc consideration <u>only</u> when necessary to secure or maintain uniformity of the Court's decisions or the proceeding involves a question of exceptional importance. Certainly, determination to grant en banc review was recognition of the important need to secure or maintain uniformity of the Fifth Circuit Court's decisions or the proceeding involved questions of exceptional importance (or both). Either way, because the Petition for Certiorari asserts essentially the same grounds that were the basis of en banc rehearing, the Petition for Certiorari presents a substantial question.

Additionally, while the effect of all three opinions of the Fifth Circuit Court is to reverse in part this Court's rulings denying Officer Carson's Motion to Dismiss, and therefore allowing only the Fourteenth Amendment claim asserted against him to proceed, that claim also presents a substantial question. The reinstated panel decision squarely held that a Fourth Amendment claim against Officer Carson should have been dismissed by this Court because of the existence of probable cause to arrest and charge Cole with the offense of unlawfully carrying a weapon. Cole, 802 F.3d at 764, relying on Devenpeck v. Alford, 543 U.S. 146, 153-4 (2004). Further, Officer Carson consistently asserts that any Fourteenth Amendment claim against him must be rejected based on the Supreme Court's plurality opinion in Albright v. Oliver, 510 U.S. 266 (1994). And subsequent to this Court's Order denying Officer Carson's Motion to Dismiss, and also subsequent to the Fifth Circuit Court's first and second panel decision which allowed a Fourteenth Amendment claim to go forward, the Supreme Court relied on Albright for its holding that a claim of unlawful pretrial detention based on fabricated evidence is relegated to the Fourth Amendment. Manuel v. City of Joliet, 137 S.Ct. 911, 920-21 (2017). Thus, based on changes in the procedural posture of this case and the substantive law, there is no doubt a substantial question exists as to all aspects of Officer Carson's appeal pending in the Supreme Court of the United States. In view of Manuel and the Supreme Court's application of Albright, Carson has a reasonable probability of prevailing. McBride, 611 F.3d at 317.

The Supreme Court ordered reconsideration of the present case in light of Mullenix. As Judge Jones' dissent points out, the Fifth Circuit Court committed the same errors in the present case as the errors the Supreme Court corrected in Mullenix. 935 F.3d at 461 (Apx. p. 32). The Fifth Circuit's decision in Luna v. Mullenix was based on the Fifth Circuit Court's determination that there was a fact issue revolving around the immediacy of which the risk posed to the officer and whether the immediacy of the risk posed authorized a reasonable officer to fire at a subject

___

under settled law. But the Supreme Court held in Mullenix that this was not a fact issue for a jury, but was instead a legal issue the Court must decide. See Mullenix, 136 S.Ct. at 307-308. And as Judge Jones recognized, the majority's holding in the present case, which revolved around its conclusion whether Cole posed no threat was a disputed fact issue was the very same mistake "that got our court reversed in Mullenix." 935 F.3d at 460. (Apx. pp. 33-34). Likewise in Mullenix, the Supreme Court had rejected reliance on Tennessee v. Garner as a basis for clearly establishing applicable law. Mullenix, 136 S.Ct at 309. And Judge Jones' dissent likewise recognizes the majority's error in relying on Garncr – the exact same error rebuked by the Supreme Court in Mullenix. Judge Jones' dissent at 935 F.3d at 464, citing Mullenix, 136 S.Ct. at 309 (Apx. pp. 42-43). Instead, Mullenix requires that the Court pay attention to particular facts of the case to determine if clearly established law placed an officer on notice they are prohibited from firing at Cole in this case (Apx. p. 43, citing White v. Pauly, 137 S.Ct. 548, 551 (2017); Mullenix, 136 S.Ct. at 309; 935 F.3d at 464). These are the same questions that were analyzed by the Supreme Court in Mullenix, and as the dissenters here point out, the majority instead used virtually the very same analysis and standards which the Supreme Court had rejected in Mullenix. 935 F.3d at 463-464. Certainly, Officer Hunter and Lt. Cassidy present a substantial question and a reasonable probability of succeeding on the merits. McBride, 611 F.3d at 317.

  This Court should also recognize that the procedural posture of the claims against Officer Carson is based on his assertion of a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) – he did not present a Motion for Summary Judgment. It is worth noting that Plaintiffs attach affidavits to their Complaint from two different experts who both recognized Officer Carson had not fabricated a statement about Cole pointing a gun at Officer Hunter as Plaintiffs allege in the body of their Complaint (Doc. 67 pp. 8-9 ¶¶ 4.15-4.16). Instead, Cole's experts recognized Carson's statement actually said his view of Cole was blocked and he did not see what Cole was doing.

(Bevel Affidavit, Doc. 67-4 p. 8; Braaten Affidavit, Doc. 67-5 p. 7). Officer Carson's actual written statement, confirming Cole's experts' assertions that Carson said his view was blocked, is in the summary judgment record that was assembled after Carson's 12(b)(6) proceeding. (See Carson's statement, Doc. 114-3 p. 6.) Likewise, this fabrication of evidence claim was not fully resolved in the summary judgment proceedings involving Officer Hunter and Lt. Cassidy. While they made the same legal arguments asserted by Officer Carson herein (see Doc. 113 pp. 1-2, p. 3 n. 1, p. 24 n. 5 & p. 43 n. 7), the Officers did not present summary judgment evidence squarely describing what role, if any, they had in the prosecution or pretrial detention of Cole. At least this aspect of the qualified immunity proceeding has not been addressed nor resolved at the summary judgment stage as to any Officer.

### B. Good Cause Exists for Keeping the Stay in Place – The Officers Have a Substantive Right to Immunity from Suit

The Seventh Circuit cases, which do not involve qualified immunity, led to denials of a stay. But here, qualified immunity is immunity from suit. Thus, the Supreme Court itself has recognized that immunity is lost if the case is allowed to proceed while immunity is being resolved. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Pierce v Smith, 117 F.3d 866, 882 n. 5 (5th Cir. 1997), Iqbal, 556 U.S. at 685-86. Loss of the protections of immunity is recognized as an irreparable injury because Defendants are allowed to file the very interlocutory appeal which is now pending in the Supreme Court of the United States. Certainly, Defendants have met a showing of good cause for maintaining the stay. McBride, 611 F.3d at 317.

Defendants certainly have a reasonable probability of succeeding on the merits in the Supreme Court of the United States. McBride, 611 F.3d at 317. They have already succeeded in obtaining the granting of a Petition for Certiorari on substantially the same issues (see Apx. pp. 53-54), which are now pending in the second Petition for Certiorari which they have filed (see

___

Apx. p. 3). To obtain en banc review, a majority of the Fifth Circuit Court's Judges in active service recognized that this case should be reviewed by the entire Court because of substantial questions. Fed. R. App. p. 35(a). And while the Defendants were unsuccessful, seven Judges in active service in the United States Court of Appeals for the Fifth Circuit strongly dissented from the denial of Officer Hunter's and Lt. Cassidy's qualified immunity. Cole, 935 F.3d at 457-485.

## IV.  CONCLUSION

This Court certainly has discretion to control its docket and maintain the existing previously unopposed stay until after resolution of Defendants' appeals in the Supreme Court of the United States. (See Order, Doc. 180 p. 3 citing Vallejo, 2013 WL 6190175 *7.) There is no doubt that Officer Hunter and Lt. Cassidy have a reasonable probability of succeeding on the merits. There is no doubt Officer Carson also presents a substantial question as to whether the Supreme Court's holding in Manuel forecloses the Fourteenth Amendment claim. Plaintiffs' Motion provides no authority demonstrating that this Court should change its mind and reopen the case in whole or in part pending resolution of Defendants' appeals in the Supreme Court of the United States. Plaintiffs' Motion presents no authority and no argument supporting any contention that Defendants' pending Petition for Certiorari does not present a substantial question. Plaintiffs' Motion presents no authority and no argument that Defendants do not have a reasonable probability of succeeding on the merits in the Supreme Court, particularly in view of the fact that the issues that previously resulted in the granting of a Petition for Certiorari are substantially the same issues which are presented in the present Petition for Writ of Certiorari. The Court should deny Plaintiffs' Motion and maintain the existing stay.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs' Motion should be denied for the reasons stated herein.

        Respectfully submitted,

        __/s/*James T. Jeffrey, Jr.*__
        JAMES T. JEFFREY, JR.
        State Bar No.: 10612300
        LAW OFFICES OF JIM JEFFREY
        3200 W. Arkansas Lane
        Arlington, Texas 76016
        (817) 261-3200
        Fax (817) 275-5826
**ATTORNEY FOR DEFENDANTS
CITY OF SACHSE, MARTIN CASSIDY,
CARL CARSON & MICHAEL HUNTER**

### CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record this the 16th day of December, 2019 by electronic notice via the ECF System for the Northern District of Texas.

        __/s/*James T. Jeffrey, Jr.*___
        JAMES T. JEFFREY, JR.