## IN THE DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| RANDY COLE and KAREN COLE, | § | |
| INDIVIDUALLY and as NEXT FRIENDS | § | |
| OF RYAN COLE, | § | |
|     **Plaintiffs,** | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:13-cv-02719 |
| | § | |
| MICHAEL HUNTER, MARTIN CASSIDY, | § | |
| CARL CARSON, and THE CITY OF | § | |
| SACHSE, TEXAS, | § | |
| | § | |
|     **Defendants.** | § | |

### PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR
### STATUS CONFERENCE AND TO LIFT STAY

To the Honorable Reed O'Connor, United States District Judge:

**COME NOW, PLAINTIFFS**, who make and file this Reply in Support of their Motion

for Status Conference and to Lift Stay, and would respectfully show the Court as follows:

1.      In Plaintiffs' Motion, they explained that this Court previously considered

(1) whether it had jurisdiction to stay the Fifth Circuit's mandate pending resolution of certiorari

and (2) in any case, whether such a stay was justified. *See* ECF Nos. 180, 197 ¶¶ 10. The Court

answered both questions in the negative: first, staying the Fifth Circuit's mandate pending the

Supreme Court's certiorari determination was "beyond this Court's jurisdiction," ECF No. 180 at

4; second, even if the Court did have the power, it held that the "the facts and arguments" of this

case were not the type that justified a stay, *id.*  The Court was clear: if Defendants believed they

could show the sort of "substantial question" and "good cause" required to present the "exceptional

circumstances" that warrant a stay—the legal standard required by Fifth Circuit rules—then they

had to make that argument to the Fifth Circuit itself, not this Court. *Id.* at 3-4.

2.     Defendants do not contest that they had the opportunity to ask the Fifth Circuit to stay its mandate, but chose not to do so. And Defendants do not meaningfully contest this Court's earlier ruling that, absent a stay by the court of appeals, it lacks jurisdiction to stay the mandate. Instead, Defendants (again) just ask this Court to bypass the Fifth Circuit and hold that they satisfied the legal standard under Fifth Circuit rules. The Court should not do so.

## I.     DEFENDANTS DO NOT MEANINGFULLY CONTEST THIS COURT'S PRIOR RULING THAT IT LACKS JURISDICTION TO STAY THE FIFTH CIRCUIT'S MANDATE.

3.     After the second panel opinion in this case by Judges Higginbotham, Clement and Higginson, the Fifth Circuit issued its mandate. Defendants then requested the same thing they seek here: "a stay pending the filing and subsequent consideration of their petition for certiorari." ECF No. 180 at 4. This Court refused, explaining that "only the court which issued the mandate or the Supreme Court may grant the stay." *Id.* at 3. The Defendants' request for a stay despite the Fifth Circuit's mandate was therefore "beyond this Court's jurisdiction." *Id.* at 4.

4.     Defendants do not meaningfully contest that this Court lacks jurisdiction to stay proceedings following the Fifth Circuit's mandate—indeed, they do not identify *a single authority* that would provide the Court with jurisdiction to stay proceedings pending certiorari. As this Court recognized, most courts across the country hold that "a district court has no jurisdiction to stay a circuit court's mandate remanding the case." *Id.* at 3-4 (citation omitted) (collecting cases). This Court's understanding is also consistent with the practice of other district courts in the Fifth Circuit. *See*, *e.g.*, *Campbell Harrison & Dagley, L.L.P. v. Hill*, No. 3:12-CV-4599, 2015 WL 3541576, at *1 (N.D. Tex. June 3, 2015) (agreeing that "this court is without authority to stay the Fifth Circuit's mandate pending [the defendants'] petition for writ of certiorari" where the defendants failed to seek a stay from the Fifth Circuit); *Jones v. Singing River Health System*, No. 1:14-cv-447, 2017

WL 4099500, at *2 (S.D. Miss. Sept. 15, 2017) (declining to stay proceedings pending certiorari because "the Objectors should have filed their Motion for a Stay with the Fifth Circuit prior to issuance of the mandate, but they failed to do so").

5.      Defendants instead argue that the Court can exceed its jurisdiction based on two policy arguments. Policy arguments obviously cannot create jurisdiction where there is none. But, in any case, Defendants' arguments are unpersuasive.

6.      First, Defendants argue that this Court can stay the Fifth Circuit's mandate because its order says the stay will remain in place until the "resolution of Defendants appeals." Defs. Response to Mot. to Lift Stay, ECF No. 199 at 1, 4. According to Defendants, this language is ambiguous and should be interpreted to stay the Fifth Circuit's mandate pending certiorari consideration. *Id*. Defendants claim that their interpretation is supported by the fact that Plaintiffs' motion was filed more than 30 days after the Fifth Circuit's mandate. *Id*. This argument makes no sense, and it is not candid.

7.      To begin with, as discussed above, this Court previously held that, absent a stay from the Fifth Circuit or Supreme Court, it lacks jurisdiction to stay proceedings pending certiorari and, in any event, a stay would not be justified in this case. In other words, Defendants ask the Court to interpret its own stay order in a manner that would (1) exceed the Court's understanding of its jurisdiction and (2) grant Defendants relief that the Court viewed as unwarranted in the first place. The Court's stay order did no such thing.

8.      Moreover, while the Court advised "the parties" to provide notice within 30 days, ECF No. 190, Defendants leave out that during the time period between the Fifth Circuit's mandate and Plaintiffs' motion, the parties were in communication with one another; that at least some of the time taken was attributable to Defendants' delay in responding to Plaintiffs' emails; that

Defendants never claimed any prejudice during the parties' communications with one another; and that, during the time in which Defendants failed to respond to Plaintiffs' communications, the office of Plaintiffs' counsel was hit by the Dallas tornado (and remains unavailable to this day).[1] Defendants do not claim any prejudice during additional weeks between the Fifth Circuit's mandate and Plaintiffs' motion (and even the suggestion of prejudice would be absurd given that Defendants' appeals have caused nearly six years of delay).

9.    In any event, Defendants do not explain how their alleged ambiguity in the word "appeals" could grant this Court with jurisdiction that it does not have. The Court should reject Defendants' strained and incoherent reading of its stay order. The Fifth Circuit resolved Defendants' "appeals" and then issued its mandate. Defendants are, of course, free to petition for certiorari, but consistent with this Court's prior ruling, it lacks jurisdiction to stay the mandate pending that determination.

10.    Second, Defendants argue the Court can stay the Fifth Circuit's mandate because they "have timely filed" their petition for certiorari and the Supreme Court therefore "has jurisdiction over that Petition." Defs. Response to Mot. to Lift Stay, ECF No. 199 at 3-4. This is a red herring. Nobody disputes that the Supreme Court has jurisdiction to determine whether to grant certiorari. The relevant question is whether this Court has jurisdiction to stay the mandate pending

---

[1] When Plaintiffs advised Defendants that they intended to file a motion to lift the stay, for instance, Defendants did not respond. After nearly two weeks, Plaintiffs asked Defendants to "[p]lease respond." Defendants apologized for their delay. They did not raise any concern or indication of prejudice from the time that had passed since the Fifth Circuit's mandate. During the time in which Plaintiffs were waiting for Defendants to respond, Plaintiffs' counsel's office was struck by the Dallas tornado. Undersigned counsel thereafter informed Defendants that their "office was heavily damaged in the Dallas tornado" and that they "still have not been able to resume" their practice there. Defendants acknowledged receipt and, again, did not indicate any concern for prejudice in light of the parties' communications.

that determination, and, as this Court has already concluded, "only the court which issued the mandate or the Supreme Court may grant the stay." ECF No. 180 at 3.

11.     As this Court previously recognized, if Defendants wanted to stay the Fifth Circuit's mandate, they had to ask the Fifth Circuit to do it. Although they had every opportunity to seek a stay of the mandate from the *en banc* Court within the time permitted, they chose not to. This Court accordingly lacks jurisdiction to stay the mandate and should order a scheduling conference to determine next steps for discovery in this case.

## II.     EVEN IF THIS COURT HAD JURISDICTION, DEFENDANTS HAVE NOT GIVEN ANY REASON TO RECONSIDER THE COURT'S PRIOR CONCLUSION THAT A STAY IS NOT JUSTIFIED.

12.     This Court previously explained that, even if it had jurisdiction to stay the Fifth Circuit's mandate pending certiorari, Defendants could not show that this case presented the sort of "unusual case[]" or "exceptional circumstances" that warrant a stay. ECF No. 180 at 2-4. The Court explained that to obtain a stay of the mandate, Defendants would have had to show that their appeals raise "a substantial question" and "good cause" for a stay. *Id.* at 2-3 (citing 5th Cir. R. 41.1; Fed. R. App. P. 41(d)(2)(A)). The Court explained that it had considered all of the factors for granting a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other parties interested in the proceedings; and (4) whether public interest favors a stay." *Id.* at 4 n.1 (citation omitted). And the Court concluded that "after considering" these factors, Defendants "failed to carry their burden to show the facts and arguments justify a stay" pending certiorari. *Id.* at 4 & n.1.

13.     The appeal at issue is the exact same one as last time—in other words, the "facts and arguments" at issue have not changed since this Court previously found that Defendants failed

to carry their burden. Defendants do not meaningfully contend otherwise. To begin with, they do not even mention the third or fourth factor for granting a stay: the existence of any substantial injury to other parties, and the public interest. Nearly a decade has passed since Defendant Officers shot Ryan Cole, leaving him catastrophically and irreparably injured. And this case concerns not just the use of deadly force against an unaware, unthreatening seventeen-year-old from behind, but the fabrication of a cover-up story that conflicts with all of the forensic evidence.

14.     Defendants tell the Court to find that they meet the Fifth Circuit's standard for "good cause" and have shown "irreparable harm" because they would "be robbed of the protections of their qualified immunity defense" unless the Court continues to stay the proceedings pending certiorari. Defs. Response to Mot. to Lift Stay, ECF No. 199 at 1-2, 9-10. But that is the exact same thing they told this Court last time they sought a stay pending certiorari. *See* ECF No. 177 at 2 (arguing that the Court should stay the mandate because qualified immunity "is effectively lost if a case is erroneously permitted to go to trial" (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985))). This Court nonetheless concluded that Defendants failed to satisfy their burden to obtain a stay, and Defendants do not provide any reason to reconsider that conclusion.

15.     Defendants also tell the Court to find that their petition "presents a substantial question" as to the excessive force claim because the Supreme Court issued a summary grant, vacate, and remand order ("GVR") in this case following its decision in *Mullenix v. Luna*, 136 S. Ct. 305 (2015), suggesting that such a GVR reflects the Supreme Court's views on the merits of this case. This argument is unsound. First, Defendants are asking the Court to do precisely what it and other courts across the country have rejected as improper: "It is not appropriate for this Court to determine the likelihood of the Supreme Court granting *certiorari* and to delay proceedings based on that determination." ECF 180 at 4. Second, even assuming it were appropriate for this

Court to stay a court of appeals' mandate based on speculation about the likelihood of certiorari, Defendants' suggestion that a GVR order reflects the Supreme Court's interest in a case is just wrong. The Fifth Circuit has repeatedly said the opposite: a GVR order "expresses no position on the merits." *Kenemore v. Roy*, 690 F.3d 639, 643 (5th Cir. 2012). Here, the reason for the Supreme Court's GVR is obvious: the panel's initial opinion had relied on certain aspects of the Fifth Circuit's decision in *Mullenix*. *See Cole v. Carson*, 802 F.3d 752, 761-62 (5th Cir. 2015). Thus, when the Supreme Court reversed in *Mullenix*, in accordance with its routine practice, it issued a GVR to give the Fifth Circuit an opportunity to reconsider any impact on this case. Given that opportunity, the three-judge panel and then an eleven-judge majority of the *en banc* Court agreed that Plaintiffs' excessive force claim must proceed.

16.    Defendants similarly contend that Officer Carson has "a reasonable probability of succeeding on the merits" and presents a "substantial question" as to whether it violates due process to fabricate charges against an innocent person, suggesting that the Supreme Court's holding in *Manuel* [*v. City of Joliet*, 137 S. Ct. 911 (2017)] forecloses the Fourteenth Amendment claim." Defs. Response to Mot. to Lift Stay, ECF No. 199 at 10. This, too, is frivolous. Defendants made this same argument to the Fifth Circuit, and all nineteen federal judges rejected it, concluding that the fabrication claim must go forward. While the Court need not get into any of this because it lacks jurisdiction, it is rather misleading for Defendants to suggest that *Manuel* foreclosed fabrication of evidence claims under the Due Process Clause, leaving out that the Supreme Court reviewed and *applied Manuel* to a fabrication of evidence claim "arising under the Due Process Clause" just this year. *McDonough v. Smith*, 139 S. Ct. 2149 (2019).[2]

---

[2] Defendants' argument that the fabrication of evidence claim presents a "substantial question" is also belied by their own petition for certiorari, which spends just three cursory paragraphs on the issue. Petition for Writ of Certiorari at 33-34, *Hunter v. Cole*, No. 19-753 (U.S. Dec. 12, 2019).

17.     Finally, Defendants do not contest that several claims are completely unaffected by their petition for certiorari. For instance, the Fifth Circuit agreed that "Carson alone appealed" the fabrication of evidence claim. *Cole v. Carson*, 935 F.3d 444, 450(5th Cir. 2019) (en banc); *id*. at 458 n.1 (Jones, J., dissenting). In other words, the fabrication claims against Defendants Hunter and Cassidy, who never appealed this Court's ruling, are not even within the scope of Defendants' petition. Similarly, Defendants' petition does not implicate Plaintiffs' claims against the City (Counts II and III), which must also go forward.

*          *          *

18.     Defendants did not even attempt to seek a stay of the mandate from the Fifth Circuit. Consistent with this Court's earlier ruling, it lacks jurisdiction to bypass the Fifth Circuit and, even if it were to apply the Fifth Circuit's legal standard, a stay would not be justified. Nineteen federal judges have now reviewed the issues in this appeal. Every one of them has agreed that Plaintiffs' fabrication claim must go forward, and a significant majority held that Plaintiffs' excessive force must go forward as well. Plaintiffs respectfully request the Court to lift any applicable stay, order submissions and/or a status conference concerning next steps for the claims in this case, and for such other relief as the Court may find appropriate.

---

The claim appears to have been included in their petition just to give them the ability to ask for a further stay.

Respectfully submitted,

By:     **/s/ Christopher S. Ayres**
        **CHRISTOPHER S. AYRES**
        State Bar No. 24036167
        csayres@ayreslawoffice.com
        **R. JACK AYRES, JR.**
        State Bar No. 01473000
        rjayres@ayreslawoffice.com
        AYRES LAW OFFICE, P.C.
        5924 Royal Lane, Suite 150
        Dallas, Texas 75230
        972-991-2222 (Phone)
        972-386-0091 (Facsimile)

        **ATTORNEYS FOR PLAINTIFFS**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of this filed pleading is being served upon all counsel of record on December 19, 2019, through the Court's ECF delivery system, as provided by the Local Rules at or shortly after the time and date of filing.

        **/s/ Christopher S. Ayres**
        **CHRISTOPHER S. AYRES**