# Legacy Enhancement Master Pooled Trust Agreement

This Master Pooled Trust Agreement ("Trust Agreement") is made on the 18th day of May, 2016 by Legacy Enhancement, a Texas domestic nonprofit corporation (as evidenced by Addendum "A" of this Trust Agreement) as Settlor and Trustee.  Legacy Enhancement is an IRS tax-exempt organization (as evidenced by Addendum "B").  The Trust Agreement is intended for national use and is created pursuant to 42 U.S.C. §1396p(d)(4)(C) of the Social Security Act.  The purpose of this Master Pooled Trust Agreement is to establish a pooled trust fund to benefit individuals with disabilities [as defined under 42 U.S.C. §1382c(a)(3)].  The Trust Agreement may be amended as specified in this Agreement to ensure compliance with this purpose.   Each account established for the benefit of an individual with a disability shall be for the sole benefit of that individual as that term is defined under federal law and regulations.

## Article 1
## Purpose of the Trust

A.      The purpose of the Master Trust is to create a Special Needs Trust for the benefit of each beneficiary while protecting his or her eligibility for means-tested public or private benefits.  Distributions shall supplement, but not supplant, whatever benefits and services a beneficiary may be or become eligible to receive from federal, state and local governments by reason of age, disability, or other factors.  The Trustee (or the Trust managers and other employees working on behalf of the Trustee) may make payments from a beneficiary's sub-account directly to the beneficiary, or to a third party on behalf of the beneficiary.  In determining whether a particular distribution is permissible, the Trustee shall take into account the programs in which the beneficiary is currently enrolled, and for which the beneficiary may become eligible.

B.      The Trustee, in its sole and absolute discretion, may use the principal and income of a beneficiary's sub-account to provide the beneficiary with items, benefits and services that the Trustee believes are reasonable and not otherwise available to him or her from any other source. The Trustee may take whatever actions it considers appropriate to ensure that a beneficiary's sub-account will be used in ways that will best promote the beneficiary's ability to lead a comfortable and fulfilling life.  It is the interest of a beneficiary, and not that of any remainder beneficiaries, which governs the distribution decisions of the Trustee, even if distributions result in the depletion of the entire sub-account.  The Trustee owes a duty of care to each beneficiary in making distributions.

EXHIBIT A

## Article 2
## Joinder Agreements

Individual with disabilities who wish to join the Master Pooled Trust shall submit a "Joinder Agreement" to the Trustee. If an individual applicant does not have the legal capacity to complete the Joinder Agreement, the Agreement may be completed and signed by a parent, grandparent, guardian or a court [42 U.S.C. §1396p(d)(4)(C)(iii)]. The applicant is referred to as the Grantor. The Trustee has the sole and absolute discretion in determining whether to approve any application. If the Joinder Agreement is approved, it becomes irrevocable but subject to amendment as needed for the well-being of the beneficiary or as required under federal or state law and regulations.

## Article 3
## Trust Sub-Accounts

A.     A separate account ("sub-account") shall be maintained for each beneficiary of the Trust. Sub-accounts are pooled for purposes of investment and management of funds by an entity or individual chosen by the Trustee to serve as Fund Manager. Sub-accounts must be funded by assets owned solely by the sub-account beneficiary and not by any third party, regardless of the third party's relationship to the beneficiary.

B.     Additions of the beneficiary's funds may be made to his or her sub-account at any time subject to the absolute right of the Trustee to accept or refuse assets of any nature into the sub-account.

## Article 4
## Trust is Irrevocable

A.     This Trust Agreement is irrevocable. An individual sub-account shall be effective and irrevocable upon the valid execution of the Joinder Agreement by a permissible Grantor, acceptance of the Joinder Agreement by the Trustee, and the funding of the sub-account. Once established, the sub-account assets shall be distributed in accordance with the terms of this Trust Agreement and the signed Joinder Agreement. The sub-account beneficiary may not be changed under any circumstance.

B.     The Trustee may at any time amend this Trust Agreement by an instrument in writing signed and acknowledged by the Trustee in order to comply with changes in federal and state laws and regulations which come into effect subsequent to the signing of this Agreement, or to clarify any provision or scrivener's error. No amendment may change or affect the interests or rights of a sub-account beneficiary.

## Article 5
## Distributions

A.      Distributions from the Trust are to be made to enhance the well-being of the sub-account beneficiary and to maintain eligibility or qualify the beneficiary for programs and services which may be beneficial to him or her.  Examples of these programs and services are Supplemental Security Income (SSI), Medicaid, Veterans Benefits, the Older Americans Act, state and local means-tested programs for the purposes of determining a beneficiary's eligibility for these supports and services.

B.      The Trustee shall take into consideration information from the Joinder Agreement and/or any accompanying Letter of Intent when making decisions regarding distributions. However, it is the judgment of the Trustee and not that of any other person or entity that shall be the sole determining factor by which distributions are made.  Any income not distributed shall be added to principal.

C.      The Trustee has the sole, absolute, complete and unfettered discretion to make distributions to meet a beneficiary's needs or to enhance the quality of his or her life even if such distribution(s) result in an adverse effect on a beneficiary's eligibility or continued eligibility for any program benefits or assistance.

D.      The Trustee shall not be liable to a sub-account beneficiary for acts undertaken in good faith. The Trustee shall not be liable for failure to identify all programs or resources that may be available to a beneficiary because of a beneficiary's disability, nor shall the Trustee be liable for failing to apply for any public benefits that may be available to a beneficiary.  The responsibility of identifying and applying for benefits lays solely with the beneficiary and/or his or her legal representative.

E.      The sub-account beneficiary or his or her legal representative are responsible for reporting any change in program eligibility or services within ten (10) days of receiving notice of the change.

F.      With the approval of the Trustee, a sub-account may be transferred to another pooled trust at any time prior to the death of the sub-account beneficiary.  The approval of the Trustee shall not be unreasonably withheld.

## Article 6
## Spendthrift Provisions

A.      None of the principal or income of a beneficiary's sub-account shall be anticipated, assigned, encumbered, or subject to any creditors' claims or to any legal process.  The Trust sub-account may only be used for a beneficiary's special needs.  No part of the Trust sub-account shall be liable for nor available to a beneficiary's creditors during his or her life or after his or her death. Further, no part of a Trust sub-account shall be construed as part of a

beneficiary's estate, or be subject to the claims of a beneficiary's voluntary or involuntary creditors.

B.      No beneficiary nor any other person acting on his or her behalf shall have any right, power, or authority to liquidate, assign, revoke, or direct the use of sub-account funds; to terminate a sub-account in whole or in part; or to compel payments from the sub-account for any purpose.

C.      No part of the principal or income of a Trust sub-account shall be considered available to the beneficiary.

## Article 7
## Distributions on the Death of a Beneficiary

Upon the death of a sub-account beneficiary, the sub-account shall terminate.  At that time, the Trustee shall pay from the remaining assets of the sub-account only those expenses and costs permissible under federal law and regulations currently existing or as later amended. Permissible expenditures prior to the terms of subparagraph (d) below are:

(a)     Payment of any taxes due from the sub-account to the state or federal government because of the death of the beneficiary (unless the taxes have arisen from inclusion of the trust in the estate);

(b)     Reasonable fees for administration of the beneficiary's sub-account such as an accounting of the sub-account to a court, completion and filing of documents, or any other required actions associated with termination and wrapping up of the Trust sub-account;

(c)     Subsequent to the payments set forth in subparagraphs (a) and (b) above, remaining assets of a sub-account may be retained by the Trustee for charitable purposes;

(d)     To the extent that any amounts remaining in the beneficiary's sub-account upon the death of the beneficiary are not retained by the Trust, the Trust shall pay to the State(s) the amounts remaining up to an amount equal to the total amount of medical assistance paid on behalf of the beneficiary under State Medicaid plan(s).  Payback to any State(s) that may have provided medical assistance under the State Medicaid plan(s) is not limited to any particular period of time.

## Article 8
## Investments

A.     The Trustee may choose to contract with a Fund Manager to invest and reinvest in such stocks, bonds and other securities and properties, real, personal or mixed, and wherever situated.  Such investments may include but are not limited to stocks, unsecured obligations, undivided interests, interests in investment trusts, common trust funds, mutual funds, and annuities.  The Trustee is authorized to hold assets in cash if that position is advantageous to the beneficiary's sub-account.

B.     The Trustee shall select assets for allocation to a particular sub-account as the Trustee shall deem to be in the best interests of a beneficiary, and assets allocated to one sub-account need not be of the same character as assets allocated to another sub-account.  Without limiting the generality of the foregoing, the Trustee may allocate assets having different income tax bases in such manner, amounts, and proportions as the Trustee may deem appropriate.

C.     The Trustee may authorize the Fund Manager to employ the services of a for-profit entity to manage some of the financial activity of the sub-accounts, individually or pooled. However, the Trustee shall maintain ultimate managerial control over the Trust.  The use of for-profit entities is always subordinate to the non-profit Trustee of this Master Pooled Trust.

D.     An accounting of each sub-account shall be provided to the beneficiary or his or her legal representative not less than annually, and more often if the laws of the state in which the beneficiary resides require a more frequent accounting.  The accounting shall include a complete statement of the sub-account assets and all of the receipts, disbursements, and distributions to or from such Trust sub-account occurring during the reporting period.  The Trustee shall also furnish a financial statement concerning the Trust at least semi-annually.  The sub-account records along with all Trust records or documentation shall be available and open at all reasonable times for inspection by the beneficiary or the legal representative of the beneficiary, or any person authorized in writing signed by the beneficiary or his or her legal representative.

E.     In determining whether the existence of the Trust sub-account may render a beneficiary ineligible for Supplemental Security Income, Medicaid, or any other program of public benefits, the Trustee is granted full and complete discretion to initiate administrative or judicial proceedings, or both, for the purpose of determining eligibility.  All costs relating to such proceedings (including reasonable attorney fees) shall be a proper charge to the entire Trust estate or to the affected Trust sub-account, as may be appropriate.

F.     This Trust Agreement is subject to the Rule Against Perpetuities as stated under Texas law.

## Article 9
## Indemnification of Trustee

A.      Except for willful default of any duty hereunder or gross negligence, the Trustee shall not be liable for any act, omission, loss, damage, or expense arising from the performance of its duties under this Trust Agreement.  The Trustee is not subject to any liability whatsoever to any person for any distributions made or not made by the Trustee or in the Trustee's discretion pursuant to Article 5.

B.      The Trustee and Directors may seek the advice and guidance of any guardian(s) of any of the beneficiaries, or others, including any federal, state or local agencies that are established to assist persons with disabilities.  The Trustee may use reasonably available resources of a beneficiary's sub-account to assist the beneficiary and/or his or her legal representative in identifying or interpreting programs or resources which may be beneficial.

## Article 10
## Administrative Expenses

The Trustee has responsibility to minimize payment of administrative expenses of the Trust estate to the extent reasonably possible.  General administrative expenses of the Trust, if not paid from any other sources shall be allocated equally among all of the then-funded Trust sub-accounts.  Any necessary or proper expenses incurred in connection with the operation of any particular Trust sub-account, including but not limited to any attorneys' or accountant fees, investment fees, management fees, taxes, debts, or charges shall be paid by the Trustee out of that Trust sub-account.  Costs and expenses of defending the Trust Agreement from any claim, demand, legal or equitable action, suit or proceeding may in the sole discretion of the Trustee either (i) be apportioned on a pro rata basis to all then-funded Trust sub-accounts, or (ii) be charged solely against the Trust sub-account of the affected beneficiary.

## Article 11
## Miscellaneous Provisions

A.      The Trustee is entitled to reasonable compensation for its services from the assets of the Trust in accord with a schedule of fees and charges attached to the Joinder Agreement. Such fees may include, but are not limited to, payments for advisory or management services, and administrative and sub-accounting services rendered by the Trustee or its agents or rendered to the Trustee by others on behalf of the Trust and its beneficiaries. The Trustee shall be entitled to reimbursement for any reasonable expenses incurred on behalf of all of the Trust beneficiaries, or on behalf of particular sub-account(s).

B.      This Trust shall initially be funded with the sum of One Hundred Dollars ($100.00) to be given to the Trustee by the Settlor at the time this Trust Agreement is signed.

C.      Except as provided otherwise by law or court order, the Trustee may serve without bond and the Trust Agreement shall be administered free from the active supervision of any court.

D.      The situs of this Trust is Texas.  The Trust Agreement shall be interpreted in accordance with the laws of the United States and the State of Texas.  Nonetheless, each trust subaccount shall also be governed by the particular state Medicaid statutes, administrative codes, rules and regulations of the State where the Beneficiary resides.  Upon notice from the beneficiary or his or her legal representative of a permanent change of domicile, the Trustee shall modify the administration of the Trust sub-account accordingly as may be necessary to comply with such governing Medicaid rules.  Any particular language required to be included in the Trust sub-account shall be automatically incorporated herein with no requirement for the Trustee to take any formal or informal action unless otherwise required by the domiciliary state statutes, rules and/or regulations.  To the extent that any federal or state Medicaid agency requires some particular language to be included in the Trust sub-account agreement, the Trustee is authorized to and shall execute a reformation or confirming amendment demonstrating that such language has been incorporated into the beneficiary's Joinder Agreement at the time of execution and that such language controls.  When required under state law, the beneficiary shall seek a court order directing and authorizing the reformation or confirming amendment.

Executed this **18** day of May, 2016.

**Legacy Enhancement**

By:  Christian Bruns, President

**STATE OF TEXAS**                     §
                                       §
**COUNTY OF HARRIS**                   §

Before me appeared Christian Bruns, who is personally known to me or who provided **Drivers License** as identification; who acknowledged that he is President of Legacy Enhancement and as such is authorized to execute this instrument.

Signed in my presence on May **18**, 2016.

Notary Public, State of Texas
Commission Number: **128139183**

CRISTOPHER RODRIGUEZ
Notary Public, State of Texas
Comm. Expires 05-01-2018
Notary ID 128139183